# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## NORTHERN DIVISION

| | | |
|---|---|---|
| Albert Tine, Jr. <br> 3696 Hermitage Road East <br> Jacksonville, FL 32277 <br><br> Plaintiff, <br><br> v. <br><br> Schuyler Line Navigation Company <br> 130 Severn Avenue <br> Annapolis, MD 21403 <br>  **Serve:** <br>  Russell Paret <br>  130 Severn Avenue, Suite 200 <br>  Annapolis, MD 21403 <br><br> and <br><br> Chesapeake Crewing, LLC <br> 130 Severn Avenue <br> Annapolis, MD 21403 <br>  **Serve:** <br>  Russell Paret <br>  130 Severn Avenue, Suite 200 <br>  Annapolis, MD 21403 <br><br> and <br><br> Trinity Management Group, Inc. <br> 381 Horseshoe Drive <br> Hurt, VA 24563 <br>  **Serve:** <br>  Steven M. Miceli <br>  381 Horseshoe Drive <br>  Hurt, VA 24563 <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | <br><br><br><br><br><br> Case No.: 1:19 – cv – 3187 |

## ACTION BY SEAMAN WITHOUT PREPAYMENT OF COSTS (28 U.S.C. § 1916)
## COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff, Albert Tine, Jr., by and through his attorneys, Robert M. Schwartzman, John J. Yannone, and Price Benowitz LLP, and files this Complaint against the above-named Defendants, and for reasons states as follows:

### PARTIES

1. Plaintiff Albert Tine, Jr. ("Plaintiff") is a resident and domiciliary of the State of Florida residing at 3696 Hermitage Road East, Jacksonville, FL 32277.

2. Defendant Schuyler Line Navigation Company ("Schuyler") is a corporation organized under the laws of the State of Maryland, and does business in the jurisdiction of the State of Maryland.

3. Defendant Chesapeake Crewing, LLC ("Chesapeake") is a corporation organized under the laws of the State of Maryland, and does business in the jurisdiction of the State of Maryland.

4. Defendant Trinity Management Group, Inc. ("Trinity") is a corporation organized under the laws of the Commonwealth of Virginia, and which does business in the State of Maryland.

### JURISDICTION AND VENUE

5. This action arises under the laws of the United States and Maryland and is brought pursuant to 46 U.S.C.A. § 30104.

6. Jurisdiction is conferred on this matter pursuant to 28 U.S.C. § 1916.

7. This court has personal jurisdiction over Defendants as the Defendants maintain a principal place of business in the State of Maryland.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, as Defendants are incorporated and have their principal place of business in Anne Arundel County, Maryland.

**FACTS COMMON TO ALL COUNTS**

9. Upon information and belief, Defendants are and/or were the owners, operators, and/or managers of the container vessel, "SLNC Corsica," (hereinafter "the vessel") at the time of the incident on November 8, 2016.

10. At all times hereafter mentioned, Plaintiff was employed by Defendants aboard the vessel.

11. On or about November 8, 2016, Plaintiff, a Jones Act Seaman, was properly performing his duties as Chief Engineer aboard the vessel.

12. On or about November 8, 2016, Plaintiff and 2nd Engineer, Helbert Esquivel, were performing an inspection of the bilge pump. Plaintiff was to perform the work while Esquivel was in charge of watch.

13. At approximately 4:30 p.m. on the aforementioned date, Plaintiff was walking through the vessel's port tunnel, over a manhole. Unbeknownst to Plaintiff, the manhole cover had not been properly secured. As Plaintiff was walking over the manhole cover, his foot caught the lip of the opening and he was suddenly caused to fall and sustain serious injuries without prior warning.

14. As a result of the November 8, 2016 incident, Plaintiff sustained serious, painful, and permanent injuries.

15. Plaintiff has suffered, is presently suffering, and will likely continue to suffer, great pain and agony; Plaintiff has lost and will continue to lose large sums of money, which he might have otherwise earned; Plaintiff has been prevented from engaging in his usual duties and

activities; and further, he likely will be permanently totally or partially disabled as a result of said injuries.

### COUNT I: Negligence—Jones Act

16. Plaintiff re-alleges and incorporates by reference all of the facts and allegations of the aforementioned paragraphs as if fully set forth herein and further alleges:

17. Under the Jones Act, Defendants owed an affirmative duty as owners, operators, managers, and/or employers, of the vessel, to provide a safe place in which to work.

18. All of the aforementioned injuries, losses, and damages are the direct result of the negligent failure of the Defendants and their agents, servants, representatives, employees, and/or assigns, to provide Plaintiff with a safe place in which to work in safe and seaworthy conditions, their failure to provide proper safety equipment, and by reason of the negligent failure to furnish Plaintiff with a safe and seaworthy vessel, and/or by the negligence of Defendants and their agents, servants, representatives, employees, and/or assigns in:

   a. Failing to promulgate and enforce reasonable rules and regulations for the performance of the operation being conducted aforesaid;

   b. Failing to provide proper equipment for the safe conduct of the subject operation;

   c. Failing to adequately train and supervise employees in the safe and proper conduct of the subject operation;

   d. Failing to provide for the safety of Plaintiff and other members of the crew in the performance of their duties;

   e. Failing to adequately inspect and ensure the proper operation of the vessel and equipment as to obviate the risk of injuries to involved personnel;

    f.   Failing to adequately warn Plaintiff of the negligent, unsafe, and unseaworthy conditions present; and

    g.   Otherwise being negligent with no negligence on the part of Plaintiff contributing thereto.

WHEREFORE, Plaintiff Albert Tine, Jr. demands judgment from and against Defendants, jointly and severally, for an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages to be determined at trial, plus pre-judgment and post-judgment interest, and the costs of this action.

## **COUNT II: UNSEAWORTHINESS**

19. Plaintiff re-alleges and incorporates by reference all of the facts and allegations of the aforementioned paragraphs as if fully set forth herein and further alleges:

20. Under General Maritime Law, Defendants owed a duty to provide a safe and seaworthy vessel to Plaintiff.

21. All of said injuries, damages, and losses sustained by Plaintiff were a direct result of the failure of the Defendants to provide Plaintiff with a safe and seaworthy vessel, proper safety equipment, and/or as a direct result of the failure of the Defendants to provide and maintain a proper, safe, and seaworthy condition, operation, equipment, appurtenances, crew, and tools of said vessel. Defendants violated this duty to provide a safe and seaworthy vessel by:

    a.   Failing to promulgate and enforce reasonable rules and regulations for the performance of the operation being conducted aforesaid;

    b.   Failing to provide proper equipment for the safe conduct of the subject operation;

    c.   Failing to adequately train and supervise employees in the safe and proper conduct of the subject operation;

    d. Failing to provide for the safety of Plaintiff and other members of the crew in the performance of their duties;

    e. Failing to adequately inspect and ensure the proper operation of the vessel and equipment as to obviate the risk of injuries to involved personnel;

    f. Failing to adequately warn Plaintiff of the negligent, unsafe, and unseaworthy conditions present; and

    g. Otherwise being negligent with no negligence on the part of Plaintiff contributing thereto.

WHEREFORE, Plaintiff Albert Tine, Jr. demands judgment from and against Defendants, jointly and severally, for an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages to be determined at trial, plus pre-judgment and post-judgment interest, and the costs of this action.

## COUNT III: MAINTENANCE AND CURE

22. Plaintiff re-alleges and incorporates by reference all of the facts and allegations of the aforementioned paragraphs as if fully set forth herein and further alleges:

23. As a direct result of the injuries sustained by Plaintiff, as aforesaid, without regard to the issues of negligence or unseaworthiness, Defendants, as Plaintiff's employer, became obligated to provide Plaintiff with the means by which to sustain and maintain himself while receiving outpatient medical care and attention because he was unable to resume his normal duties.

24. Plaintiff has received certain medical care and attention and will, in the future, require further medical care and attention, and may be required to pay for the same, and will be required to support and maintain himself while receiving outpatient care and attention while he is unable to resume his normal duties, for all of which Defendants are liable.

25. Defendants have failed and refused to satisfy its Maintenance and Cure obligations to the Plaintiff.

WHEREFORE, Plaintiff Albert Tine, Jr. demands judgment from and against Defendants, jointly and severally, for an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages and in punitive damages to be determined at trial, plus pre-judgment and post-judgement interest, attorney's fees, and the costs of this action.

Respectfully submitted,

**PRICE BENOWITZ LLP**

By: */s/*
Robert M. Schwartzman, Esq. (CPF#8011010339)
Rms@rs-atty.com
John J. Yannone, Esq. (CPF#8706010430)
John@pricebenowitzlaw.com
409 7th Street, NW, Suite 200
Washington, D.C. 20004
(202) 417-6015
(301) 244-6659 (f)

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury.

*/s/*
John J. Yannone, Esq.